UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MATTHEW KREBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-1408 JAR |
| ) | |
| ESTATE OF JOSEPH WILLIAM KREBS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Joseph M. Krebs, proceeding pro se, brings this action against the estate of his deceased father, Joseph William Krebs (hereinafter "Decedent"), his half-brother Charles Buddy Krebs, "Met-Life Insurance,"[1] and John and Jane Doe[2], alleging he was fraudulently deprived of the benefits of Decedent's life insurance policy. (Amended Complaint ("AC"), Doc. No. 7) Specifically, Plaintiff alleges his father died on April 28, 2014, leaving a will and an insurance policy, MetLife Policy 580631719MP ("the Policy"). (Id. at ¶ 8) Plaintiff references an Exhibit A and B; however, nothing is attached to the amended complaint.[3] According to the will, Decedent left Plaintiff the insurance policy. (Id. at ¶ 9) Plaintiff further alleges MetLife paid the proceeds of the Policy to Charles Krebs, the executor of their father's will, after submission of an affidavit, which Plaintiff claims was false. Plaintiff alleges he then contacted MetLife and explained that he "received nothing from the Policy," that MetLife requested additional

---

[1] According to the defendant, its correct name is Metropolitan Life Insurance Company ("MetLife"). (Doc. No. 34 at 1)

[2] The complaint makes no allegations regarding "John and Jane Doe."

[3] Plaintiff has since filed a copy of Decedent's will with the Court under seal. (See Doc. No. 12)

information, which was provided, and that MetLife "then knowing that the Executor of the Will had lied, had falsely obtained the Policy monies, intentionally and maliciously refused and failed to take action (2014)." (Id. at ¶¶ 10, 11)

In his amended complaint Plaintiff challenges the validity of Decedent's will (id. at ¶ 21), alleges that Defendants "wrongfully assisted each other in the theft of the insurance policy" (id. at ¶ 22), that his half-brother intentionally lied to him and caused him to go into debt (id. at ¶ 23), and that Defendants' actions constitute abuse of and theft from a "mentally defective" and "incompetent" person. (Id. at ¶¶ 24, 25) Both Charles Krebs and MetLife have moved to dismiss Plaintiff's amended complaint for lack of jurisdiction and failure to state a claim. The motions are fully briefed and ready for disposition.[4] After a liberal review of Plaintiff's amended complaint, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**Discussion**

As a threshold matter, Plaintiff has moved for default judgment against MetLife. (Doc. No. 25) The record reflects service of summons and the complaint on MetLife on September 17, 2014. (Doc. No. 15) MetLife requested leave to file a responsive pleading to Plaintiff's Amended Complaint on December 8, 2014. MetLife stated it had no record of having been served with Plaintiff's complaint or amended complaint and was not aware of any claim that it had been served until it received Plaintiff's motion for default judgment. (Doc. No. 31) The Court granted MetLife leave to file a responsive pleading by December 19, 2014 (Doc. No. 32) and MetLife

---

[4] On December 3, 2014, Plaintiff filed his memorandum in opposition to Charles Krebs' motion to dismiss with supporting affidavit. (Doc. Nos. 29, 30) On January 7, 2015, Plaintiff filed "Suggestions in Clear Opposition to the Jurisdictional Amount" directed at both Defendants' motions to dismiss (Doc. No. 36) and an "Opposition to the Rush to Judgment by Defendants without Discovery." (Doc. No. 37) On March 2, 2015, Plaintiff filed an additional opposition to MetLife's motion to dismiss with supporting affidavit. (Doc. Nos. 42, 42-1)

filed its motion to dismiss on that date. (Doc. No. 34) Plaintiff's motion for default judgment against MetLife will, therefore, be denied. As for Plaintiff's pending motion for discovery (Doc. No. 28), the Court must first determine whether it has jurisdiction before proceeding to discovery.

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006); Continental Cablevision of St. Paul, Inc. v. U.S. Postal Service, 945 F.2d 1434, 1438 (8th Cir. 1991) ("A district court must determine questions of subject matter jurisdiction before determining the merits of the case."). The Court has the duty to determine its jurisdiction, and raise the issue of subject matter jurisdiction sua sponte, if necessary. City of Kansas City, Mo. v. Yarco Co., Inc., 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Rule 12(h)(3), Fed.R.Civ.P. While the Court holds Plaintiff's complaint to a less stringent standard than formal pleadings drafted by an attorney, see Smith v. St. Bernards Regional Medical Center, 19 F.3d 1254, 1255 (8th Cir. 1994), Plaintiff, as the party asserting federal jurisdiction, bears the burden of establishing that federal jurisdiction exists. City of University City, Missouri v. AT & T Wireless Services, Inc., 229 F.Supp.2d 927, 929 (E.D.Mo.2002) (citing In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993)). Speculation and belief that a plaintiff's damages exceed $75,000 is insufficient to meet this burden. Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004).

In his amended complaint, Plaintiff claims this Court has jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332. Diversity jurisdiction under 28 U.S.C. § 1332(a) authorizes federal jurisdiction over cases where the amount in controversy exceeds $75,000 exclusive of

interest and costs and is between citizens of different states. The issue in this case concerns the "amount in controversy."[5] Plaintiff contends the amount in controversy, including the "value of the properties, real and personal via the will and the insurance policy should well exceed $100,000." (AC at ¶¶ 1, 6)

In support of his motion to dismiss, Charles Krebs argues that the assets of Decedent's estate totaled only a few thousand dollars and thus there is no diversity jurisdiction. (Doc. No. 20 at 2) In addition, he argues that venue in this Court is improper because any estate matters must be brought in Nevada state court. (Id. at 3-4) Lastly, Mr. Krebs argues the Court lacks personal jurisdiction over him, both individually and as the Executor of Decedent's will. (Id. at 2-3)

MetLife argues that because the amount payable under the Policy was only $743.54, and because the total of all proceeds payable to Decedent's estate was under $10,000, Plaintiff has not established that the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. No. 35 at 2-3) MetLife further argues that Plaintiff's amended complaint fails to state a claim against it because its obligations were discharged, as a matter of law, upon payment to Charles Krebs, without knowledge of Plaintiff's claim, citing Crosby v. Crosby, 986 F.2d 79, 83 (4th Cir. 1993) ("[A]n insurer is discharged from all subsequent liability when it makes good faith payments to a purported beneficiary without notice of any competing claims."); Weed v.

---

[5] Although Defendants do not appear to dispute citizenship, the Court notes Plaintiff's complaint contains no allegations concerning the citizenship of the Defendants. Plaintiff alleges that Charles Krebs lives in Nevada and that MetLife has two locations, one in Rhode Island and one in Pennsylvania. (Doc. No. 7 at ¶¶ 4, 5) An allegation of residence is not the equivalent of an allegation of citizenship, and is insufficient to allege citizenship. See Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir.1987). Further, where the plaintiff fails to state the place of incorporation or principal place of business of a corporate party, the pleadings are inadequate to establish diversity. Id. See also Poling v. K. Hovnanian Enters., 99 F.Supp.2d 502, 515 (D.N.J. 2000) ("The court can only 'properly determine whether complete diversity of the parties in fact exists and thus whether the court has jurisdiction to adjudicate the matter[,]' when the plaintiff, even if proceeding pro se, affirmatively pleads facts regarding the citizenship of individual defendants and the dual citizenship of corporate defendants.").

Equitable Life Assur. Soc. of U.S., 288 F.2d 463, 464 (5th Cir. 1961); Hood v. Jenkins, 432 S.W.3d 814, 827 (Tenn. 2013). (Doc. No. 35 at 5-6)

When a complaint appears to allege a sufficient amount in controversy to establish diversity jurisdiction but the amount in controversy is challenged by the opposing party, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000) (overruled on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005)), (citing State of Missouri ex rel. Pemiscot County, Missouri v. Western Surety Co., 51 F.3d 170, 173 (8th Cir. 1995)). Thus, Plaintiff's allegations of requisite jurisdictional amount are not necessarily dispositive of the issue. Western Surety Co., 51 F.3d at 173 (quoting Zunamon v. Brown, 418 F.2d 883, 885 (8th Cir. 1969)). "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claim." Trimble, 232 F.3d at 959 (quoting Osborne v. United States, 918 F.2d 724, 730 (8th Cir. 1990)). "The complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." Kutten v. Bank of Am., N.A., 2006 WL 1520588, at *2 (E.D. Mo. May 26, 2006) (quoting Capitol Indem. Corp. v. 1405 Assocs., Inc., 340 F.3d 547, 549 (8th Cir. 2003) (citation omitted).

Plaintiff's broad conclusory allegations do not satisfy his burden of proving the jurisdictional amount by a preponderance of the evidence. Plaintiff has presented no specific facts to counter Charles Krebs' affidavit, submitted to MetLife (Doc. No. 34-8), stating that the value of all proceeds payable to Decedent's estate did not exceed $10,000. In his response to the motions to dismiss filed by MetLife and Mr. Krebs, Plaintiff alludes to "other policies," not referenced in his amended complaint, without asserting that any other insurance benefits were

payable either to him or Decedent's estate. (Doc. No. 36 at 2) Plaintiff's suggestion that he might somehow be entitled to "thousands of dollars" in benefits because of his father's tenure with the United States Post Office or his father's military service cannot be considered. None of these "other policies" are included in the record before the court and Plaintiff has submitted no evidence to support his contentions.

On the other hand, according to the affidavit of James McCarthy, Senior Technical Insurance Advisor, submitted by MetLife in support of its motion to dismiss (Doc. No. 34-1), and the policy filed as an exhibit thereto (Doc. No. 34-2), the Policy, in the face amount of $500, was purchased by Decedent's father when Decedent was nearly twelve years old. Decedent's father was the original owner of the Policy and his mother was the contingent owner. Decedent became the owner of the Policy following his mother's death on April 4, 2010. (Doc. No. 34-3)

On June 27, 2011, Decedent requested a full value policy loan, which loan was made in the amount of $1,760.46. (Doc. Nos. 34-4, -5) When Decedent died on April 28, 2014, the value of the Policy was $740.98, representing the face value of $500, plus the value of additional insurance purchased with dividends, $1,928.99, less the value of the loan principal, which was then $1,638.19, plus loan interest of $74.11. (Doc. No. 34-9)

On June 6, 2014, MetLife paid the value of the Policy, with interest, for a total of $743.54, to Charles V. Krebs, who submitted an individual life death claim form and claimant's affidavit, stating that the Decedent's will would not be probated and that the value of all proceeds payable to the Decedent's estate did not exceed $10,000. (Doc. Nos. 34-8, -10)

MetLife argues that even if the Court were to aggregate Plaintiff's claim to the Policy proceeds and Plaintiff's claim to amounts distributable under Decedent's will, Plaintiff has not established that the property distributable under Decedent's will had a value which, when added

to the $743.54 value of the Policy, would exceed $75,000. (Doc. No. 38 at 2) Moreover, even if Plaintiff was successful in having Decedent's will declared invalid, so that the property would be distributed per the rules of intestacy, Plaintiff would still have to share the estate with his brothers and sister. Decedent's will, which Plaintiff filed with this Court, identifies two brothers and a sister. (See Doc. No. 12) Thus, Plaintiff could not recover more than one-fourth of an estate which does not exceed $10,000, plus the $743.54 value of the Policy. (Doc. No. 38 at 3) Plaintiff has fallen far short of establishing that the amount in controversy exceeds $75,000.

Plaintiff has asserted a claim for punitive damages, which may be considered in determining the amount in controversy. Allison v. Sec. Benefit Life Ins., 980 F.2d 1213, 1`215 (8th Cir. 1992). However, "when determining the amount in controversy, 'a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages.'" Larkin v. Brown, 41 F.3d 387, 389 (8th Cir. 1994) (quoting Zahn v. International Paper Co., 469 F.2d 1033, 1034 n.1 (2d Cir. 1972), aff'd, 414 U.S. 291 (1973)). Plaintiff must come forward with a preponderance of evidence establishing the threshold amount. Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005); Larkin, 41 F.3d at 388-89 (requiring "competent proof" of punitive damages). Plaintiff has submitted no such evidence.

**Conclusion**

For these reasons, the Court concludes it lacks subject matter jurisdiction in this matter. It need not, and indeed cannot, address Defendants' remaining grounds for dismissal of this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment Against Defendant Met-Life [25] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Charles Buddy Krebs' Motions to Dismiss [20, 33] are **GRANTED** in part.

**IT IS FURTHER ORDERED** that Defendant Metropolitan Life Insurance Company's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim on Which Relief May be Granted [34] is **GRANTED** in part.

**IT IF FINALLY ORDERED** that the Plaintiff's pending Motions for Discovery [28], and Extension of Time [41] are **DENIED** as moot.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of May, 2015.

*[signature: John A. Ross]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**